IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No.  10-cv-03075-CMA-BNB

AVAYA, INC., a Delaware corporation,

Plaintiff,

v.

ACUMEN TELECOM CORP., a delinquent Colorado corporation, and
JOHN DOES 1-10,

Defendants.

_____

**ORDER**
_____

This matter arises on **Plaintiff's Motion for Limited Expedited Discovery** [Doc. # 3,

filed 12/17/2010] (the "Motion for Expedited Discovery"), which is DENIED.

The plaintiff commenced this action on December 17, 2010, by filing a Complaint [Doc.

# 1].  The Motion for Expedited Discovery was filed on the same day.  The Complaint states that

it is brought "to protect [the plaintiff's] valid and subsisting Federal Trademarks used in

connection with its computer and telecommunications products, and to secure the seizure and

destruction of digital telephone units manufactured by and obtained from non-Avaya sources that

have been, and are currently being, marketed under the Avaya trademarks."  Complaint [Doc. #

1] at ¶1.

The Complaint alleges trademark infringement; false designation and false advertising;

trademark dilution; deceptive trade practices; and unjust enrichment.  Claim Six seeks

preliminary and permanent injunctive relief, Complaint [Doc. # 1] at p. 8, but no motion for

preliminary injunction has been filed.  <u>See</u> Motion for Expedited Discovery [Doc. # 3] at p. 3

(noting that the expedited discovery is sought "to support a motion for preliminary injunction,

which Avaya is contemplating filing").

An Affidavit of Service [Doc. # 7, filed 12/23/2010] indicates that service was perfected

against Acumen Telecom Corp. ("Acumen") on December 20, 2010, but no response to the

Complaint or to the Motion for Expedited Discovery has been filed, and no counsel has entered

an appearance on Acumen's behalf.

The Motion for Expedited Discovery recites as grounds that "Avaya seeks a preliminary

injunction" to halt the alleged infringement and other misconduct, Motion for Expedited

Discovery [Doc. # 3] at p. 2; "Acumen and other entities in the chain of custody are believed to

be in possession of further factual information critical to Avaya's efforts to protect" its marks, <u>id</u>.

at p. 3; that awaiting normal discovery "would permit the ultimate perpetrators an opportunity to

'cover their tracks,' making it much more difficult to halt the illicit activity," <u>id</u>.; and, finally,

that "Avaya may very well need to name additional defendants in the present action, and this

information can only be obtained by first examining records that Acumen and the other entities

in the chain of custody have in their possession."  <u>Id</u>.  Based on this showing, Avaya seeks the

following expedited discovery:

(1)  A Rule 30(b)(6) deposition of Acumen concerning the "identity and genuineness of

all Documents relating to all Avaya Model '2420' digital telephone units" purchased, obtained,

sold, or otherwise transferred by Acumen; the identity of "all persons or entities" from whom

Acumen obtained the telephones or to whom Acumen sold or transferred the telephones; the

terms under which Acumen bought or sold the telephones and the location of "all Avaya Model

'2420' digital telephone units presently in Acumen's possession, custody and control," id. at pp. 9-10;

(2)   Leave to serve four production requests seeking, essentially, "all Documents relating to all Avaya Model '2420' digital telephone units" that have been in Acumen's possession, custody, and control for the past four years, id. at pp. 10-11;

(3)   An order allowing entry onto "Acumen's land," without greater specification, "to inspect all Avaya Model '2420' digital telephone units presently in Acumen's possession, custody and control," id. at p. 11; and

(4)   Rule 30(b)(6) depositions of nine non-party entities "whom Avaya's investigation to date indicates purchased or sold counterfeit Avaya Model '2420' digital telephone units that Acumen purchased and sold," together with leave to serve subpoenas for the production of documents and for entry onto unspecified lands held by the non-parties.   Id. at p. 11.

Rule 26(d)(1), Fed. R. Civ. P., generally provides that discovery may not commence until after the parties have conferred as required by Rule 26(f).   Qwest Comm. Int'l, Inc. v. WorldQuest Networks, Inc., 213 F.R.D. 418, 419 (D. Colo. 2003).   The rule, however, confers discretion on the district court to order expedited discovery upon a showing of good cause.   Fed. R. Civ. P. 26(d)(1); Pod-Ners, LLC v. Northern Feed & Bean of Lucerne Ltd. Liability Co., 204 F.R.D. 675, 676 (D. Colo. 2002).   The party seeking expedited discovery has the burden of showing the need for the requested departure from the usual discovery procedure.   Qwest, 213 F.R.D. at 419.   Expedited discovery may be appropriate in cases, among others, alleging copyright infringement and unfair competition, Benham Jewelry Corp. v. Aron Basha Corp., 1997 WL 639037 *20 (S.D.N.Y. October 14, 1997); patent, trademark, or other infringement,

Pod-Ners, 204 F.R.D. at 675-76; Bug Juice Brands, Inc. v. Great Lakes Bottling Co., 2010 WL 1418032 *1 (W.D. Mich. April 6, 2010); and where a party seeks a preliminary injunction.  Pod-Ners, 204 F.R.D. at 676.

Expedited discovery should be limited, however, and narrowly tailored to seek information necessary to support expedited or preliminary relief.  Bug Juice, 2101 WL 1418032 at *1 (denying expedited discovery as "neither 'limited' nor specific to the pending motion for a preliminary injunction"); accord Qwest, 213 F.R.D. at 420 (denying request for expedited discovery as overly broad).  See 17 No. 10 Fed. Litigator (Oct. 2002)(stating that "expedited discovery is available only in unusual circumstances" and that "the more limited and narrowly tailored the request, the better the chance [expedited] discovery will be allowed").  In addition, "[e]xpedited discovery may be inappropriate where defendants are required to unwarily incriminate themselves before they have a chance to review the facts of the case and to retain counsel."  Pod-Ners, 204 F.R.D. at 676 (internal quotation and citation omitted).

In this case, the requested discovery is not limited or narrowly tailored, but is sweeping in its scope.  It seeks essentially all discovery which may be allowed during ordinary discovery on the merits of the plaintiff's claims.  It is particularly invasive, seeking leave to inspect unspecified lands of Acumen and nine non-parties in search of allegedly counterfeit telephones. It seeks to take sweeping Rule 30(b)(6) depositions on an expedited basis, potentially before Acumen or the non-parties may reasonably retain counsel, investigate the facts, and prepare for the interrogation.

The grounds offered in support of the Motion for Expedited Discovery are insufficient to justify such sweeping, invasive, and unfairly accelerated discovery.  First, the plaintiff is

contemplating seeking a preliminary injunction; it has not yet filed a motion for expedited relief.

The motion contains conclusory allegations that Acumen and others "are believed to be in

possession of further factual information," Motion for Expedited Discovery [Doc. # 3] at p. 3,

without specifying the nature of the information or why it is critical to Avaya's contemplated

motion for preliminary injunctive relief.  The Motion for Expedited Discovery alleges, without

any detail or factual support, that expedited discovery is needed to prevent Acumen and the non-

parties from "covering their tracks" and making discovery unnecessarily difficult.  Absent from

the grounds supporting the motion is any factual showing of a real need for expedited discovery,

as was present in the Pod-Ners case where expedited discovery was required because the field

beans at issue were commodities capable of spoiling, being consumed, or destruction with the

passage of time.  Pod-Ners, 204 F.R.D. at 676.  See Notaro v. Koch, 95 F.R.D. 403, 405 n.3

(S.D.N.Y. 1982)(noting that those cases where a plaintiff  may require expedited discovery to

meet its burden of proof  to obtain a preliminary injunction are "expected to be rare").

     The plaintiff has failed to show good cause to justify the extensive expedited discovery it

seeks.

     IT IS ORDERED that the Motion for Expedited Discovery [Doc. # 3] is DENIED.

     Dated January 3, 2011.

                                   BY THE COURT:

                                    s/ Boyd N. Boland
                                   United States Magistrate Judge