IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-CV-03075 CMA-BNB

AVAYA INC., a Delaware corporation,

       Plaintiff,

v.

ACUMEN TELECOM CORP., a Colorado corporation,
KIDO COMMUNICATIONS CO., LTD, a Hong Kong corporation, and
JOHN DOES 1-10,

       Defendants.

## PROTECTIVE ORDER GOVERNING CONFIDENTIALITY

Pursuant to Fed. R. Civ. P. 26(c), and in furtherance of the purposes of D.C.COLO.LCivR 7.2 and cases such as Gillard v. Boulder Valley School Dist. RE-2, 196 F.R.D. 382, 385-87 (D. Colo. 2000),

THE COURT HEREBY ORDERS that this Protective Order shall govern the handling of data, goods, software, property, and confidential information, whether in tangible or intangible form, documents, depositions, deposition transcripts, deposition exhibits, transcripts of testimony, responses to any discovery requests, including responses to interrogatories, document requests, and requests for production, admissions, inspections, examinations of premises, facilities and physical evidence, witness interviews and any other information produced, given, learned or exchanged by and among the parties, their attorneys, experts, consultants, representatives and non-parties to this action.

## DEFINITIONS

For the purposes of this Protective Order the following definitions shall apply:

1.    "Avaya Device(s)" means any telephonic communication device, together with associated peripheral equipment, manufactured or sold by Avaya, including but not limited to the Avaya model "2420" digital telephone.

2.      "Discovery Material" means information, data, documents, Software (as defined in Paragraph 7 below), goods, Property (as defined in Paragraph 4 below), and Intellectual Property (as defined in Paragraph 5 below), whether in tangible or intangible form, and/or materials, including testimony, transcripts reflecting deposition or other testimony, exhibits utilized during depositions or other testimony, responses to any discovery requests, including responses to interrogatories, document requests, and requests for production, admissions, inspections, and/or examinations of premises, facilities and physical evidence, and any other information produced pursuant to the Federal Rules of Civil Procedure or otherwise given or exchanged by and among the parties and non-parties during the course of discovery in this Litigation (as defined in Paragraph 5 below).

3.      "Property" includes, but is not limited to, computers of any kind, computer disks, diskettes, hard drives, CDs, computer chips, CD-Roms, and any other electronic storage device.

4.      "Intellectual Property" includes, but is not limited to: any and all property, or any enforceable right in property, whether existing now or in the future, pending, tangible or intangible, that constitutes, embodies, contains or is governed by any or all of the following: (a) trademarks, service marks, trade names, trade dress or other similar trade rights; (b) copyrights, moral rights, mask-works and other rights in literary works or other copyrightable material; (c) confidential information; (d) inventions, discoveries, designs, and drawings; (e) computer Software (including all source code, object code and annotated versions thereof, all software manuals and all documents relating to the development of computer software); (f) patents (both pending and issued), patent rights, designs, algorithms and other industrial property rights; (g) goodwill and other rights associated with a party's name, reputation and customer relationships; (h) all mailing, subscription, bulk sales, vendor, supplier, circulation,

dealer, advertiser and customer lists, (i) the content and URL listing of Web sites; (j) license, distribution and marketing rights; (k) all registrations, pending applications, renewals, extensions, continuations, divisions or reissues of any of the foregoing; and (1) all rights to enforce or collect damages from breach of any of such rights.

    5.    "Litigation" means the instant action No. 10-CV-03075 CMA (BNB), and any appeals from such action.

    6.    "Software" includes, but is not limited to, all iterations, versions, and releases, whether in tangible or intangible form, of any programs or portions thereof, both in object code and source code, as well as all associated annotations or programmer's notes, and other documentation, and all schematic chip designs in which the Software or any part thereof may be fixed or embodied.

    7.    "Protected Discovery Material" means Discovery Material designated as "Confidential" or "Confidential - Attorneys Eyes Only" under the terms of this Protective Order.

    8.    "Legend" shall mean a large stamp or similar insignia stating "Confidential" or "Confidential - Attorneys Eyes Only" thereby connoting the confidentiality designation of the Discovery Material.

    9.    "Producing Party" means any party or non-party to this action producing Discovery Material.

    10.    "Designating Party" means any Producing Party who wishes to designate or has designated Discovery Material as Protected Discovery Material.

    11.    "Objecting Party" shall mean any party to the Litigation responding to, and objecting to, a designation of Protected Discovery Materials as "Confidential" or "Confidential - Attorneys Eyes Only".

12. "Receiving Party" shall mean any party to the Litigation to whom Discovery Material is produced.

## TERMS

For the purposes of this Protective Order the following terms shall apply:

13. Protected Discovery Material Designated "Confidential"

   A. Any Producing Party or Designating Party may designate any Discovery Material as "Confidential" under the terms of this Protective Order only if the Designating Party has a good faith belief that (a) such Discovery Material is confidential, proprietary, commercially valuable and/or competitively sensitive business information not previously made available to the public, and (b) that such Discovery Material should be protected from disclosure pursuant to this Order.

   B. Protected Discovery Material designated "Confidential", and information derived therefrom, shall be used solely for purposes of the Litigation and any appeals therefrom, and only as indicated in this Paragraph. It shall not be used for any personal, business, proprietary or competitive purpose whatsoever, and shall not be used in connection with any other claim, proceeding or dispute except the Litigation.

   C. Protected Discovery Material designated as "Confidential" and any summaries, charts or notes made therefrom, and any facts or information contained therein or derived therefrom shall be disclosed only to the following persons:

   i. the Court and Court personnel;

   ii. current party employees, officers, agents and directors whose review of the information is, in good faith, reasonably necessary to assist in the prosecution or defense or trial of the Litigation;

   iii. Law firms who have entered appearances as counsel of record for one or more parties in the Litigation and the law firms of attorneys admitted *pro hac vice* and their attorneys, employees, paralegals or other secretarial and clerical employees whose review

of the information is, in good faith, reasonably necessary to assist in the prosecution or defense or trial of the Litigation;

        iv.    expert witnesses, consultants or advisors who are employed or retained by or on behalf of any of the parties or counsel for the parties hereto whose review of the information is, in good faith, reasonably necessary to assist in the prosecution or defense or trial of the Litigation;

        v.    outside vendors who perform microfiching, photocopying, computer classification or similar clerical functions but only for so long as necessary to perform their services;

        vi.    third party witnesses or deponents who previously were a recipient or author of the Discovery Material designated "Confidential" during the course of providing testimony in or for the Litigation; and

        vii.    stenographic reporters who are involved in depositions, the trial or any hearings or proceedings before the Court in the Litigation.

    14.    <u>Protected Discovery Material Designated "Confidential - Attorneys Eyes Only"</u>

    A.    Any Producing Party or Designating Party may designate any Discovery Material as "Confidential - Attorneys Eyes Only" under the terms of this Protective Order only if the Designating Party has a good faith belief (a) that such Discovery Material is confidential, proprietary, commercially valuable and/or competitively sensitive business information not previously made available to the public which any Designating Party in good faith contends should be protected from disclosure pursuant to this Order; and (b) that disclosure of such Discovery Material would place the Designating Party or other third parties at a serious competitive or other disadvantage and warrants such restrictive designation.

    B.    Protected Discovery Material designated "Confidential - Attorneys Eyes Only", and information derived therefrom, shall be used solely for purposes of the Litigation and any appeals therefrom, and only as indicated in this Paragraph, shall not be used for any personal, business, proprietary or competitive purpose whatsoever, and shall

not be used in connection with any other claim, proceeding or dispute except the Litigation.

  C. Protected Discovery Material designated as "Confidential - Attorneys Eyes Only" and any summaries, charts or notes made therefrom, and any facts or information contained therein or derived therefrom shall be disclosed only to the following persons:

   i. the Court and Court personnel;

   ii. Law firms who have entered appearances as counsel of record for one or more parties in the Litigation and the law firms of attorneys admitted *pro hac vice* and their attorneys, employees, paralegals or other secretarial and clerical employees whose review of the information is, in good faith, reasonably necessary to assist in the prosecution or defense or trial of the Litigation;

   iii. expert witnesses, consultants or advisors who are employed or retained by or on behalf of any of the parties or counsel for the parties hereto whose review of the information is, in good faith, reasonably necessary to assist in the prosecution or defense or trial of the Litigation;

   iv. outside vendors who perform microfiching, photocopying, computer classification or similar clerical functions but only for so long as necessary to perform their services.  In no event may the outside vendors be individuals who are employees of the parties or companies or entities related in any manner whatsoever to the parties if the vendor is to handle Discovery Material designated "Confidential - Attorneys Eyes Only";

   v. third party witnesses or deponents who previously were a recipient or author of the Discovery Material designated "Confidential - Attorneys Eyes Only" during the course of providing testimony in or for the Litigation; and

   vi. stenographic reporters who are involved in depositions, the trial or any hearings or proceedings before the Court in the Litigation.

  15. <u>Duty to Advise of Order</u>.  Unless the Designating Party agrees otherwise, Protected Discovery Material designated pursuant to Paragraph 13 or 14 of this Order may be disclosed to a person referred to in Paragraphs 13(C)(ii) - (vii) and 14(C)(ii) - (vi) only after such person has been advised of the terms and operation of this Order and/or has been provided a

6

copy of this Order, and has executed the Agreement attached to this Order as Exhibit A prior to the disclosure of any Confidential Documents.

16. <u>Designating Confidential Documents</u>.  A Designating Party may designate any Protected Discovery Material pursuant to Paragraphs 13 and 14 of this Order by affixing the appropriate Legend or by taking such other reasonable steps to identify the designation, within 30 days of producing the same, or 30 days from the date of this Order, whichever is longer.  In the case of Discovery Material that cannot be readily or easily marked in a visible manner, or any other production of Discovery Material not otherwise covered by this Protective Order, such Discovery Material may be designated by a written statement made by counsel of the Designating Party to counsel for the other parties to this action that such Discovery Material or any portion thereof is "Confidential" or "Confidential - Attorneys Eyes Only."

17. <u>Designation of Depositions or Other Transcripts of Hearings</u>.  As to depositions or other transcripts of hearings, the portion of any such transcript (including exhibits) that contain or reference Protected Discovery Material shall be similarly designated either by a statement to that effect on the record during the deposition or hearing or by written notice to counsel of record for the other party within fourteen (14) days after receipt of the official transcript by the Designating Party.

18. <u>Filing Under Seal</u>.  When filing any document or tangible thing which contains Protected Discovery Material, such documents or other tangible things shall be filed under seal in accordance with D.C.COLO.LCivR 7.2, and Section VI of the Electronic Case Filing Procedures.  ~~All such materials filed under seal shall be released from confidential treatment only upon further order of the Court.~~  Both parties further consent to service by electronic means of all materials filed under seal, pursuant to Rule 5(b)(2)(E), F.R.C.P.

19. <u>Objections to Designation and Requests for Permitted Disclosures.</u>

A. <u>Objections to Designations.</u>  Nothing in this Order shall be construed as an admission or agreement that any specific information is or is not confidential, subject to discovery, relevant, or admissible in evidence in any future proceeding.  This Order shall not be construed to prevent any Party from making use of or disclosing information that was lawfully obtained by a Party independent of discovery in this Litigation, whether or not such material is also obtained through discovery in this Litigation, or from using or disclosing its own Protected Discovery Materials as it deems appropriate.  A party may object to the designation of any Discovery Material as "Confidential" or "Confidential - Attorneys Eyes Only" on the grounds that it is not entitled to protection under this Order, ~~including that it (i) is already public knowledge, (ii) has become public knowledge other than as a result of disclosure by the receiving party, or (iii) has come into the receiving party's legitimate possession independently of the producing party~~.  If an objection is made, the parties shall attempt to resolve the dispute in good faith on an informal basis.  If they are unable to resolve the dispute, the Designating Party may move for relief from this Protective Order with respect to such challenged discovery materials.  If such motion is made, the Discovery Material shall continue to be deemed "Confidential" or "Confidential - Attorneys Eyes Only" under the terms of this Protective Order, until the Court rules on such motion.  In any proceeding to release Protected Discovery Material from its designation, or to change the designation of any such material, the burden shall be upon the Designating Party to sustain the burden of establishing that good cause exists for the continued classification of the disputed information as confidential under Fed. R. Civ. P. 26(c)(7) and the terms of this Protective Order.  A dispute concerning

confidentiality shall not otherwise impede the progress of discovery. A party's failure to object to the designation of any materials as "Confidential" or "Confidential –Attorneys Only" shall not prejudice any future determination by the Court.

  B. In lieu of objecting, the Receiving Party may send a written request ("Request") to the Designating Party that the Designating Party permit the disclosure of Protected Discovery Material designated pursuant to Paragraphs 13 and 14 this Order to persons specifically identified in the Request, which persons may include, for example, employees, attorneys and claims administrators of the parties' insurers and reinsurers, and third parties who have been scheduled to give deposition testimony. The Request shall identify by name each person to whom the Receiving Party wishes to disclose the identified Protected Discovery Materials, state his or her relationship to the Receiving Party, and contain a statement of the reasons why the Receiving Party wants to disclose the identified Protected Discovery Materials to each such person. The Designating Party shall respond to the Request in writing and in good faith within twenty-one (21) calendar days of its receipt of the Request, although the parties may extend this deadline by agreement. The Designating Party shall permit the requested disclosure unless it has a good faith belief that is has adequate grounds in law and fact for the issuance of a protective order under Fed.R.Civ.P. 26 prohibiting disclosure of the identified Protected Discovery Material to the persons designated in the Request. The parties shall attempt to resolve any disputes that arise out of a Request in good faith, including through further meet-and-confer sessions between counsel for the parties and, where deemed appropriate, employees or agents of the parties with an understanding of any technical issue that is the subject of the dispute. If any objections cannot be resolved informally within ten (10)

calendar days of the Designating Party's response, the parties may apply for appropriate relief from the Court. The Designating Party shall bear the burden of establishing that good cause exists for the information to not be shared with the proposed parties with whom the Receiving Party wishes to share the information. The parties shall not be permitted to disclose any Protected Discovery Material until the parties have reached an agreement for disclosure or the Court has granted such relief. Any agreement by the Designating Party pursuant to this Paragraph shall not waive a party's designation or serve as the basis for disclosure of such materials to any other person. Any disclosure of Protected Discovery Material to persons identified in a Request made under this Paragraph shall be made only after each person to whom disclosure will be made has been advised of the terms and operation of this Order and/or has been provided a copy of this Order and has executed the agreement attached to this Order as Exhibit A. A copy of the executed Exhibit A shall be served on opposing counsel promptly after it is executed.

20. <u>Inadvertent Failure to Designate</u>. The inadvertent failure by a party to designate Discovery Material pursuant to Paragraphs 13 and 14 of this Order shall not be deemed a waiver in whole or in part of a claim of confidentiality as to such documents or materials. Upon notice to the Receiving Party of such failure to designate, the Receiving Party shall cooperate as is reasonable to restore the confidentiality of the inadvertently disclosed information.

21. <u>Inadvertent Production of Privileged Documents</u>. Nothing in this Order shall be deemed a waiver of any right that any party otherwise might have under the Federal Rules or the doctrines of attorney-client privilege or attorney work product. The parties agree that the inadvertent production of a document protected by the attorney-client privilege or the attorney work-product doctrine shall not create a waiver of the attorney-client privilege or work-product

immunity. Upon notification of inadvertent production, the receiving Party shall not use or divulge the contents of such information unless subsequently agreed to by the Producing Party or permitted by the Court. Unless governed by ethical rules to the contrary, upon agreement by the parties, or determination by the Court, such inadvertently produced information shall be returned by the Receiving Party within five business days of said agreement/determination. The Receiving Party retains the right to challenge the designation of such information as privileged or other protected from discovery.

22. <u>Third Parties</u>. The terms of this Order shall be applicable to any third party who is added to this litigation, or who produces Discovery Material that the third party wishes to designate pursuant to Paragraphs 14 and 15 of this Order. In the event that a third party produces Discovery Material pursuant to subpoena, other legal process or otherwise that a party to the Litigation in good faith believes to be warranting of a designation pursuant to Paragraphs 13 or 14 of this Order, that party to the Litigation may designate such Discovery Material accordingly.

23. <u>Subpoena by Third Party</u>.

A. Nothing contained in this Order shall prohibit any person or party from disclosing any Protected Discovery Material, including any pleadings or other documents referencing or disclosing such Protected Discovery Material:

(a) to any governmental authority or agency pursuant to the valid exercise by any governmental authority or agency of the powers and authorities granted to it by law, provided that the Designating Party is given notice that said Protected Discovery Material, pleadings or other documents will be produced in sufficient time to the Designating Party to challenge the production of said Protected Discovery Material, pleadings or other documents in the appropriate legal forum; or

(b) to any person or entity pursuant to the valid and legal use of compulsory process, including the exercise of subpoena powers, provided that the Designating Party is given notice that said Protected Discovery Material, pleadings or other documents will

be produced in sufficient time to permit the Designating Party to challenge the production of said Protected Discovery Material, pleadings or other documents in the appropriate legal forum.

    B.  No person or party which has been required or compelled to produce such Protected Discovery Material, pleadings or other documents pursuant to the valid exercise by any governmental authority or agency of the powers and authorities granted to it by law, or pursuant to the valid and legal use of compulsory process, including the exercise of subpoena powers, shall be required to refuse to produce said Protected Discovery Material, pleadings or other documents if, in so doing, such person or party would subject itself to penalties or punishment, including those for contempt of Court.

  24. <u>Amendments and Modification</u>.  The Parties may seek modification of this Order by the Court at any time, by stipulation or for good cause.  This Order may be modified by the Court at any time.

  25. <u>Use of Protected Discovery Material in a court proceeding</u>.  In the event that any Protected Discovery Material is used in any hearing, trial or other court proceeding in this action or any appeal therefrom, counsel shall confer in good faith on such procedures as are necessary to protect the confidentiality of any such material used in the course of any court proceedings including, but not limited to, requesting the Court to hear counsel with respect to such information in camera or closing all or a portion of court proceedings to the public.  No party who has received Protected Discovery Material shall offer it into evidence, otherwise tender it to the Court in any court proceeding, or use it in any other fashion not expressly permitted herein, without first advising the Court and the Designating Party of its intent to do so.  At that point, the Designating Party may seek such protection from the Court as it deems appropriate, including the exclusions of persons and witnesses from the Court, the filing of materials under seal, and the sealing of the pertinent parts of the Court records.  The use of Protected Discovery Material

in any court proceeding shall not prejudice in any way the rights of any person to petition the Court for such further protective measures as may be necessary to protect the confidentiality of such material.

      26.    <u>Continuation of Protection After Disposition</u>.  The termination of proceedings in this Litigation shall not relieve the parties or non-parties from the obligation of maintaining the confidentiality of all Protected Discovery Material, unless the Court orders or permits otherwise.

          A.    After the final disposition of the Litigation, the attorneys for the parties upon written request from the Designating Party shall either: (a) return all Protected Discovery Material, and all copies made thereof or summaries, charts or notes made therefrom, promptly to the Designating Party; or (b) destroy all such Protected Discovery Materials, and all copies made thereof or summaries, charts or notes made therefrom, and provide the Designating Party with a sworn certification of the steps taken to that effect. This section shall not be construed to require the return or destruction of any documents or exhibits filed with the Court, deposition transcripts and exhibits, or notes or other attorney work product created for or by any party, provided however, any such documents or exhibits which contain or reference Protected Discovery Material, or portions or excerpts thereof, which are not destroyed or returned pursuant to this section, shall remain subject to the terms of this Order.

      27.    <u>Effect of this Order on Additional Parties Joined to the Litigation</u>.  In the event additional parties join or are joined in this action, or additional or different counsel enter an appearance, they shall not be given access to Protected Discovery Material until the newly joined party, by its counsel, or the newly appearing counsel, as the case may be, has executed this Protective Order and provided a copy of same to all other counsel in this action.

28.     <u>Limitations of this Order</u>.  Neither this Protective Order, the producing or receiving of Protected Discovery Material hereunder, nor otherwise complying with the terms of this Protective Order shall:

A.     Prejudice in any way the rights of the parties to object on grounds of privilege, relevance, or otherwise to the production of documents or other information they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Protected Discovery Material;

B.     Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document (or portion thereof), testimony or other evidence subject to this Protective Order;

C.     Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information;

D.     Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Protected Discovery Material shall be treated at trial.

29.     Nothing in this Order shall prohibit or restrict the right or ability of counsel to give legal advice based on material or information obtained in discovery or under this Protective Order, provided that in so doing they do not violate this Order.

~~30.     Violations of this Order.  Any use or disclosure of Protected Discovery Material, except as expressly permitted herein, shall constitute a violation of the Protective Order and may be punished as a contempt of Court.  In addition to the remedy of contempt, any party or~~

~~non-party who is harmed by the use or disclosure of Protected Discovery Material in violation of this Protective Order shall have the right to (i) immediate injunctive relief without posting any bond, and (ii) recover its actual damages caused by such use or disclosure, and (iii) petition the Court for an award of its reasonable attorneys' fees and costs.~~

Dated April 21, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

## EXHIBIT A

## AGREEMENT CONCERNING MATERIAL SUBJECT TO THE PROTECTIVE ORDER GOVERNING CONFIDENTIALITY

I, _____, state that I have read and understood the terms of the Protective Order Governing Confidentiality in the lawsuit entitled *Avaya Inc. v. Acumen Telecom Corp., et al*, in the United States District Court for the District of Colorado, Civil No. 10-CV-03075 CMA (BNB), and hereby agree to comply with and be bound by the terms and conditions of the Order unless and until modified by the parties or Order of the Court.

I understand that I am to retain all copies of any documents or materials designated confidential information in a secure manner, and that all copies are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon the copies and any writing prepared by me containing any confidential information are to be returned to counsel who provided me with such material or destroyed by shredding.

I will not disclose or divulge confidential information to persons other than those specifically authorized by said Order, and I will not copy or use confidential information except solely for the purposes of this litigation. I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

I hereby submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcement of the Order.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this _____ day of _____, 20____.

                                                                      [Signature]

                                                                      [Printed Name of Individual]